1                    UNITED STATES DISTRICT COURT

2                         DISTRICT OF MAINE

3      _____

4      UNITED STATES OF AMERICA,           CRIMINAL ACTION

5                Plaintiff            Docket No:  2:16-59-GZS

6

7           -versus-

8

9      DOUGLAS BLODGETT,

10               Defendant
       _____
11                        Transcript of Proceedings

12

13     Pursuant to notice, the above-entitled matter came on
       for **Sentencing** held before **THE HONORABLE GEORGE Z.**
14     **SINGAL,** United States District Court Judge, in the
       United States District Court, Edward T. Gignoux
15     Courthouse, 156 Federal Street, Portland, Maine, on the
       28th day of December 2016 at 10:06 a.m. as follows:

16

17     Appearances:

18     For the Government:  Craig M. Wolff, Esquire
                            Assistant United States Attorney
19
       For the Defendant:  Clifford B. Strike, Esquire
20
       Also Present:  Dee Mosley, U.S. Probation
21

22
                        Lori D. Dunbar, RMR, CRR
23                      Official Court Reporter

24               (Prepared from manual stenography and
                       computer aided transcription)
25

```
 1              (Open court.  Defendant present.)
 2         THE COURT:  We're here in Criminal Docket
 3   16-59, United States of America versus Douglas
 4   Blodgett.  We're here for determination and imposition
 5   of sentence.  Counsel, if you'd enter your appearance,
 6   please.
 7         MR. WOLFF:  Good morning, Your Honor, Craig
 8   Wolff for the United States.
 9         MR. STRIKE:  Good morning, Judge Singal,
10   Clifford Strike for Defendant Douglas Blodgett.
11         THE COURT:  You're Mr. Blodgett?
12         THE DEFENDANT:  Yes, sir.
13         THE COURT:  How old are you, sir?
14         THE DEFENDANT:  I am 46.
15         THE COURT:  46.  How far did you go in school?
16         THE DEFENDANT:  I graduated Boston College
17   with a marketing degree.
18         THE COURT:  All right.  And have you used any
19   drugs or any alcohol in the last 24 hours?
20         THE DEFENDANT:  Only medications, Your Honor.
21         THE COURT:  Just your usual medications?
22         THE DEFENDANT:  Yes.
23         THE COURT:  And those medications don't impair
24   your ability to understand me or make rational
25   decisions, correct?
```

1          THE DEFENDANT:  No.

2          THE COURT:  Okay.  And do you understand why

3    you're here today?

4          THE DEFENDANT:  Yes, I do, Your Honor.

5          THE COURT:  All right, I find this defendant

6    is competent to be sentenced.

7        You're represented here today by your attorney,

8    Mr. Strike; is that correct?

9          THE DEFENDANT:  That is correct.

10          THE COURT:  Do you authorize him to act for

11    you?

12          THE DEFENDANT:  Yes.

13          THE COURT:  And you have received a copy of

14    the revised presentence investigation report?

15          THE DEFENDANT:  That is correct.

16          THE COURT:  And you've read it?

17          THE DEFENDANT:  Yes, I have, Your Honor.

18          THE COURT:  And did you understand it?

19          THE DEFENDANT:  Yes, I did, Your Honor.

20          THE COURT:  Did you have enough time to review

21    it with your counsel?

22          THE DEFENDANT:  Yes, I have, Your Honor.

23          THE COURT:  Did he answer all your questions?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Mr. Strike, do you have any

1      objections today?

2          MR. STRIKE:  Other than the ones that are

3      noted in the report, Judge, no, sir.

4          THE COURT:  All right.  And none of those

5      impact on the guidelines; is that correct?

6          MR. STRIKE:  That is -- well, that is correct,

7      Judge, but for our objection to the statutorily

8      required minimum mandatory, which is Objections No. 4

9      and 5 in the report.

10         THE COURT:  All right.  So your issue is that

11     you dispute the legality of the statutory enhancement?

12         MR. STRIKE:  That is correct, Your Honor.  I

13     consider it to be overly inclusive, I know that that's

14     something that we'll have to deal with at the First

15     Circuit and maybe higher, but that's the genesis of the

16     objection, Judge.  This is an individual whose

17     conviction occurred in 1997 from a 1996 offense and has

18     had absolutely nothing in between.  And based on that I

19     think that the legislation that requires the minimum

20     mandatory imposition of 120 months is in fact in some

21     cases overly inclusive and not effective as to the

22     actual purpose.

23         THE COURT:  There's no dispute about the prior

24     conviction, however.

25         MR. STRIKE:  No, sir.

1          THE COURT:  Is that correct, Mr. Blodgett?

2          THE DEFENDANT:  That's correct.

3          THE COURT:  Thank you, you may be seated.

4      Mr. Wolff, do you have any witnesses or any

5  evidence to present today?

6          MR. WOLFF:  Your Honor, the only evidence

7  would be a copy of the restitution materials that I

8  understand have already been provided to the Court and

9  defense counsel.  I would move to admit another copy of

10  those exhibits under seal as Exhibit No. 1.

11          THE COURT:  All right, any objection?

12          MR. STRIKE:  No objection, Your Honor.

13          THE COURT:  That's admitted under seal, it's

14  ordered sealed, and I have reviewed it.

15      Mr. Strike, do you have anyone who wishes to

16  address the Court?

17          MR. STRIKE:  Other than my client, no, sir.

18          THE COURT:  Any evidence you wish to present?

19          MR. STRIKE:  No, sir.

20          THE COURT:  All right.  Let me hear from the

21  Government with regard to sentence, please.

22          MR. WOLFF:  Your Honor, as we all know, in

23  this case the statutory minimum does exceed the -- what

24  would normally be the advisory guideline range in this

25  case, and the Government is recommending the statutory

1     minimum term of 10 years.

2          Mr. Blodgett's enhanced sentence is based, as we

3     all know, on the prior conviction that he sustained in

4     1997.  Mr. Blodgett was 26 years old at the time he

5     committed that crime.  The victim was 13 years old.

6     And Congress has obviously made the determination that

7     a recidivist of this sort merits an enhanced penalty

8     when he's found to be in possession of child

9     pornography or has accessed child pornography.

10          It certainly is true that Mr. Blodgett has not

11    sustained any criminal convictions since the 1997

12    incident.  It is worth noting, though, that when he was

13    interviewed by agents during the execution of the

14    search warrant at his residence, as the presentence

15    report points out, he indicated that he had had this,

16    quote unquote, problem since his arrest in 1996 and

17    that it never went away.

18          So I do think that there is some -- some -- a

19    reflection in this case that the recidivism is an issue

20    and that oftentimes individuals who have this interest

21    in -- sexual interest in children, interest in child

22    pornography, have a very difficult time controlling

23    that interest and that it does not appear that this was

24    necessarily an isolated incident, that Mr. Blodgett

25    most likely, it appears at least based on this

1   admission, had been engaging in this type of behavior

2   previously.

3        In any event, Your Honor, Mr. Blodgett's conduct

4   further victimized the children whose images he was

5   found to have accessed.  The Court has seen the victim

6   impact statement from the victim in the Angela series.

7   She lays out in detail, and frankly in sort of

8   heartrending detail, the further victimization she has

9   suffered as a result of the numerous people who have

10  been found to have accessed and possessed the images of

11  her sexual abuse.  So this is a serious offense.  It's

12  one that causes further victimization to these

13  children, and Mr. Blodgett unfortunately contributed to

14  that victimization.

15       Your Honor, there really is no -- there's no issue

16  with respect to what the incarcerative term of

17  Mr. Blodgett's sentence should be.  It is -- the

18  Government is recommending the mandatory minimum.

19       With respect to restitution, Your Honor, the

20  Government has submitted a memorandum in which it has

21  recommended a $3,000 restitution award to the victim in

22  the Angela series.  I would submit that that amount --

23  amount of that award is a reasonable amount of

24  restitution in this case based on the number of images

25  that Mr. Blodgett accessed, the awards that have been

1   made nationwide and also in this district in previous

2   cases.  There have been some that have been below the

3   $3,000 mark, some at that mark, but I would submit that

4   under the particular facts of this case that a $3,000

5   award is appropriate.

6          It is significantly less than what the victim has

7   requested, as the Court has seen from the restitution

8   materials.  The victim -- the attorney for the victim

9   has requested somewhere between 12,000 and $16,000.

10  But, again, based on the particular facts of this case

11  and what awards have been made nationwide and in this

12  district, I would submit that $3,000 is a reasonable

13  amount of restitution, Your Honor.

14          THE COURT:  Thank you, Mr. Wolff.  Mr. Strike?

15          MR. STRIKE:  Thank you, Your Honor.

16          Judge, as the Court knows from the presentence

17  investigation, normally we would be arguing over a

18  guideline sentence of somewhere between 57 and 71

19  months or give or take five, five and a half years.

20  And whether or not he would be sentenced to that range

21  or slightly above or slight below obviously is not for

22  today's discussion, although I did touch on it in our

23  sentencing memorandum.  Judge, unfortunately, as far as

24  I'm concerned, the Court's hands are somewhat tied in

25  this situation based on legislation passed by Congress.

1   I would also ask, as the Government did, in this case

2   to impose the absolute minimum that the Court's allowed

3   to impose on this, which would be 120 months.

4       Mr. Blodgett has never denied his 1996 episode,

5   1997 conviction.  But as noted in the presentence

6   investigation, since that conviction up until his

7   arrest on the instant offense, he has led a productive

8   life.  He's been regularly employed, sometimes for

9   extended periods of time.  We do not have any new

10  criminal conduct of any kind, whether it's motor

11  vehicle or criminal under our local statutes.  He's

12  just had no contact whatsoever.

13      After he was arrested and while he was under

14  pretrial supervision he did have the opportunity to

15  engage in counseling for this, which he had never

16  engaged in before.  And he has told me, I know he has

17  told members of his family, he may well tell Your

18  Honor, that this really kind of opened up his eyes.  He

19  was very engaged in the counseling.  He was very

20  involved.  And I think, quite frankly, Judge, that

21  assuming he gets the help in the federal system and the

22  proper kind of counseling here that in fact this is an

23  individual who will significantly benefit from it, far

24  more so than the incarceration effect of 120 months.

25      So based on that, Judge, I would ask that you

1    impose the minimum 120 months that you're allowed to

2    under the current statute.

3         THE COURT:  Your position on the restitution

4    recommended by the Government?

5         MR. STRIKE:  Judge, my client and I discussed

6    that briefly.  The Government's restitution request is

7    not unreasonable.  My client is of limited means and

8    obviously will be struggling when he gets out.  He's

9    going to be incarcerated for approximately another

10   eight plus years, assuming good-time credits, and

11   that's not an assumption that, you know, is in stone by

12   any stretch.  But he will be approximately 54 or 55

13   when he gets out.  I'd ask the Court to set what the

14   Court thinks is a reasonable amount but no more than

15   the amount requested by the Government.

16        THE COURT:  Thank you, Mr. Strike.

17        MR. STRIKE:  Yes, sir.

18        THE COURT:  Mr. Blodgett, as the defendant in

19   this matter you have a constitutional right to address

20   the Court.  You can tell me anything you'd like,

21   including anything that may impact on your sentence.

22   You're also free to say nothing at all.  Is there

23   anything you'd like to say to me?

24        THE DEFENDANT:  Thank you, Your Honor.  First

25   I want to thank my parents, my brother and sister, my

wife, family and friends for standing by me over the
last 20 years, even though I didn't acknowledge or
appreciate them as I should have.  Thank you for all of
you who have stood behind me in the last several
months.  It's been a very trying time.  I could not
have done it without your assistance.  I am a weak man,
and I truly appreciate each and every one of you for
your strength.

I am very sorry for the embarrassment I have
brought to you with my selfish, thoughtless actions.  I
promise that this time will be the last.  Through
dedication and perseverance, as well as your love and
strength, we will get through this.

Next I want to thank everyone involved in my
arrest and incarceration.  I was in a very dark place
of depression, loneliness, hopelessness.  I was
spiraling out of control very quickly, little or no
chance of getting out of it on my own.  I will take
advantage of all treatment and counseling that will be
available to me as quickly as I can, not because I must
but because I want to, I need to.  I know it will help
me.  I will understand my addictions and what I must do
to control them.

During the summer while in counseling I did make
some progress, and I am excited for the opportunity,

1   continued opportunity, to heal myself further, then to

2   heal the relationships that I've neglected in the past.

3   I wish I had taken advantage of this 20 years ago.

4        Finally, I want to apologize to the victims and

5   their families.  I may not have been tied directly to

6   their abuse, but I now know that I contributed to their

7   pain and suffering and that this was not a victimless

8   crime.  I hope they understand how truly sorry I am,

9   accept my apologies.  And I hope that they're able to

10  heal as quickly as possible.

11       My goal is to become a positive, contributing

12  member of society.  I know it's going to be a tough

13  climb, but with the training opportunities in prison I

14  know I can find something, something to learn, to keep

15  my mind occupied on something good rather than bad, so

16  that upon my release I will not have to worry about

17  falling back into my bad habits.  I can only hope that

18  my parents will still be around for that time.  Thank

19  you.

20            THE COURT:  Thank you, Mr. Blodgett.

21       Anything else, Mr. Strike?

22            MR. STRIKE:  Judge, the only other thing, if

23  the Court is so inclined, my client is requesting if

24  possible posting to the Berlin facility up in Berlin,

25  New Hampshire.  That appears to be the place closest to

1     his family.  I'm not sure as to their status on

2     counseling up there, and I know the Bureau of Prisons

3     has the final say, but we would like that noted for the

4     record.

5               THE COURT:  Thank you.  The Government object?

6               MR. WOLFF:  No, Your Honor.

7               THE COURT:  All right.  I've reviewed the

8     various memos filed in this case, both by the

9     Government and the defendant.  I've also reviewed the

10    victim statement filed in this matter.  I've also

11    reviewed the revised presentence investigation report,

12    which I take into account in determining sentence.  I

13    also take into account everything I've heard from

14    counsel and the contents of the allocution of this

15    defendant.

16         With regard to the objections, I make no findings

17    with regard to defendant's objections, except for

18    Objections 4 and 5, I think, because they don't impact

19    on my sentencing at all.  With regard to defendant's

20    objection regarding the enhancement because of the

21    prior conviction, that objection obviously is

22    overruled.  The defendant is free to bring that issue

23    before the Court of Appeals.

24         At this time I make the following guideline

25    calculations:  I find the facts as set forth in the

presentence report as amended.  Base offense level is
18.  The defendant was found to have material involving
prepubescent minor children, raising the offense level
to 20.  It involves material that portrays sadistic or
masochistic conduct or violence, four levels are added
to 24.  He used a computer to commit the offense,
adding two levels to 26.  There is approximately 101
still images of child pornography, two levels are added
to 28.  He's accepted responsibility, reducing the
offense level to 25.  He has a criminal history
category of I.  The applicable guideline range would
have been 57 to 71 months, but the statutorily required
minimum sentence of 10 years is greater and, therefore,
the guideline range of imprisonment is 120 months.
Supervised release is five years to life.  He's not
eligible for probation.  The fine range is 20,000 to
200,000.  A special assessment fee of $100 is
mandatory.

Does the Government have objection?

MR. WOLFF:  No, Your Honor.

THE COURT:  Reserving your prior objection, do
you have any additional objections, Mr. Strike?

MR. STRIKE:  Sir, no, sir, thank you, Your
Honor.

THE COURT:  All right.  I have determined the

1    sentence I'm imposing is sufficient but not greater

2    than necessary to effectuate the goals of the statute.

3    I have obviously very little discretion in this matter

4    in view of the mandatory minimum sentence, and I'm

5    going to impose obviously that sentence.

6         Mr. Blodgett, your allocution in this matter is

7    exemplary.  I think you understand what you did, and I

8    think you understand the seriousness of what you did.

9    You're one of the few people who understand that this

10   is not a victimless crime.  The young children that

11   were abused in these pictures and videos that exist are

12   constantly being reabused every time those pictures are

13   transmitted and viewed.  And Angela properly goes

14   through a traumatic experience each and every day

15   knowing that pictures of her as a child are being

16   transmitted across the world for people's sexual

17   gratification.

18        I have reviewed the Government's restitution

19   memorandum.  I adopt all its findings.  The factors set

20   forth in the memorandum with regard to the Paroline

21   case, as well as the application of those factors as

22   set forth on Page 7 of the Government memorandum, are

23   all adopted by me.  I'm not going to regurgitate all of

24   those for the record.

25        At this time I'll impose sentence.  Defendant will

1    rise for sentence.   This defendant is hereby committed

2    to the custody of the United States Bureau of Prisons

3    to be imprisoned for a term of 120 months.   I recommend

4    that this defendant be placed in a facility which

5    provides sex offender treatment.   To the extent

6    possible, I additionally recommend that he be placed in

7    the Berlin federal facility so he can remain close to

8    his family.   However, the importance of sex offender

9    treatment shall remain paramount.

10        Upon release from imprisonment he shall be on

11   supervised release for a term of 10 years.   He shall

12   report to the probation office in the district to which

13   he is released within 72 hours of release from the

14   custody of the Bureau of Prisons.

15        He shall not commit any other federal, state, or

16   local crime.   He shall not illegally possess a

17   controlled substance.   The mandatory drug testing

18   condition is suspended based on my determination that

19   he poses a low risk of future substance abuse.

20   Defendant shall cooperate in the collection of DNA as

21   directed by the probation officer.   The defendant shall

22   not possess a firearm, ammunition, destructive device,

23   or other dangerous weapon.

24        Since this judgment imposes a restitution

25   obligation, it shall be a condition of supervised

1   release that the defendant pay such restitution that

2   remains unpaid at the commencement of the term of

3   supervised release in accordance with the schedule of

4   payments set forth in the criminal monetary penalties

5   sheet of this judgment.  Defendant shall comply with

6   the standard conditions of supervised release adopted

7   by this Court and also comply with the following

8   additional conditions:

9        Number one, he shall submit to periodic random

10  polygraph examinations as directed by the probation

11  officer to assist in treatment and/or case planning

12  related to behaviors potentially associated with sex

13  offender -- sex offense conduct.  No violation

14  proceedings will arise solely on his failure to pass

15  the polygraph exam or the defendant's refusal to answer

16  polygraph questions based on Fifth Amendment grounds.

17  Such an event could, however, generate a separate

18  investigation.  Defendant shall pay or copay for such

19  services to the officer's satisfaction.

20       Number two, this defendant shall not associate or

21  have verbal, written, telephonic, or electronic

22  communications with persons under the age of 18 except

23  in the presence of a responsible adult who is aware of

24  the nature of his background and current offense and

25  has been approved by the probation officer.

1          Number three, defendant shall participate and

2     comply with the requirements of the Computer and

3     Internet Monitoring Program, which may include partial

4     or full restriction of computer, Internet, intranet, or

5     Internet-capable devices, and shall pay for services

6     directly to the monitoring company.  He shall submit to

7     periodic or random unannounced searches of his

8     computer, storage media, or other electronic and

9     Internet-capable devices to be performed by the

10    probation officer.  This may include retrieval and

11    copying of any prohibited data; if warranted, also the

12    removal of such systems for the purpose of conducting a

13    more comprehensive search.

14          Number four, a United States probation officer may

15    conduct a search of the defendant and anything he owns,

16    uses, or possesses if the officer reasonably suspects

17    the defendant has violated a condition of supervised

18    release and reasonably suspects evidence of violation

19    will be found in the areas to be searched.  Searches

20    must be conducted at a reasonable time and in a

21    reasonable manner.  Failure to submit to the search may

22    be grounds for revocation of supervised release.

23          Number five, this defendant shall fully

24    participate in sex offender treatment as directed by

25    the officer.  He shall pay or copay for such services

1    during the course of treatment to the officer's

2    satisfaction.  He shall abide by all policies and

3    procedures of that program.

4         Number six, this defendant shall provide the

5    supervising officer with any requested financial

6    information.

7         And seven, he shall report to the supervising

8    officer any financial gains, including income tax

9    refunds, lottery winnings, inheritances, and judgments,

10   whether expected or unexpected.  He shall apply them to

11   any outstanding court-ordered financial obligations.

12        Number eight, he shall not incur new credit

13   charges or open additional lines of credit without the

14   supervising officer's advance approval.

15        Number nine, he shall participate in mental health

16   treatment as directed by the officer until released

17   from the program by the officer.  He shall pay or copay

18   for such services to the officer's satisfaction.

19        And number ten, he shall participate in a work

20   force development program and services as directed by

21   the officer and, if not employed, shall perform up to

22   200 (sic) hours of community service per week.  Work

23   force development programming may include assessment

24   and testing, educational instructions, training

25   classes, career guidance, and job search and retention

1    services.

2         I'm imposing a mandatory $100 assessment.  I find

3    that this defendant does not have the ability to pay a

4    fine.  I am waiving the fine in this case.

5         Defendant shall make restitution to Lenahan Law,

6    PLLC, for the benefit of Angela in Dallas, Texas, as

7    indicated on the judgment in the amount of $3,000.  I

8    find that the defendant does not have the ability to

9    pay interest, and the interest requirement is waived.

10   Defendant (sic) shall be applied first to the

11   assessment and then to restitution.

12        Payment of the monetary penalty and restitution is

13   due in full immediately.  Any amount that the defendant

14   is unable to pay now is due and payable during the

15   period of incarceration.  Upon release from

16   incarceration, any remaining balance shall be paid in

17   monthly installments to be initially determined by the

18   supervising officer.  Payments are to be made during

19   the period of supervised release, subject to my review

20   at the request of either the defendant or the

21   Government.

22        Government have any objection to the terms of

23   supervised release?

24             MR. WOLFF:  No, Your Honor.

25             THE COURT:  Mr. Strike?

1          MR. STRIKE:  Judge, no objections, but if I

2    may, Your Honor, I think the Court may have misspoke on

3    special condition No. 10?

4          THE COURT:  Let me look.  Go ahead.

5          MR. STRIKE:  I believe you indicated shall

6    perform up to 200 hours of --

7          THE COURT:  20, I meant 20 hours, thank you.

8          MR. STRIKE:  I thought you misspoke, Judge.

9    That's it, no objections otherwise.

10          THE COURT:  Very good, thank you.

11    Mr. Blodgett, I want to give you your rights of appeal.

12          PROBATION OFFICER:  Your Honor, if I may?

13          THE COURT:  Yes.

14          PROBATION OFFICER:  The defendant is required

15    to register as a sex offender.

16          THE COURT:  Thank you, let me just check.

17          PROBATION OFFICER:  That should be number five

18    under mandatory conditions.

19          THE COURT:  Number five?  I don't see that.

20    Do you have that listed in number five?

21          PROBATION OFFICER:  You need the language?

22          THE COURT:  All right, I'm going to add as a

23    condition that you must comply with the requirements of

24    the Sex Offender Registration and Notification Act,

25    Title 42 USC Section 16901 et seq. as directed by the

probation officer, Bureau of Prisons, or any state sex offender registration agency in any area where you reside, work, are a student, or are convicted of a qualifying offense.  Thank you.

All right, Mr. Blodgett.

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  I must advise you that you have a right to appeal the conviction as well as the sentence. If you wish to exercise that right of appeal, you must file with the clerk of this court within 14 days of today and not after that a written notice of appeal. If you fail to file it within that period of time, you will have given up your rights of appeal.  If you cannot afford to appeal, all you have to do is ask and the clerk of this court will immediately prepare and file that appeal for you without cost.  Do you understand?

THE DEFENDANT:  I do, Your Honor.

THE COURT:  Anything else for the Government?

MR. WOLFF:  No, Your Honor.

THE COURT:  Mr. Strike?

MR. STRIKE:  Sir, no, sir.

THE COURT:  We're in recess.  Defendant's remanded.

(Time noted:  10:32 a.m.)

1                    **C E R T I F I C A T I O N**

2      I, Lori D. Dunbar, Registered Merit Reporter, Certified

3      Realtime Reporter, and Official Court Reporter for the

4      United States District Court, District of Maine,

5      certify that the foregoing is a correct transcript from

6      the record of proceedings in the above-entitled matter.

7      Dated:  March 9, 2017

8                        /s/ Lori D. Dunbar

9                      Official Court Reporter